UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI ROBBINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF KERN, ET AL.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01315-CDB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIONAL DOCUMENTS**<br><br>(Doc. 39)<br><br>**ORDER REQUIRING DEFENDANTS TO REPORT ON STATUS OF DISPOSITIONAL DOCUMENTS**<br><br>Deadline for Defendant's Filing:<br><br>　<u>Not later than 12:00 p.m., March 31, 2023</u> |

On February 14, 2023, Plaintiff's counsel filed a Notice of Settlement in accordance with Local Rule 160 in which he represented that "a final settlement has been reached between the parties." (Doc. 35). On March 7, 2023, counsel for both parties executed and filed a stipulation for order extending by three weeks the time for the parties to file dispositional documents. (Doc. 37). The Court granted the parties' request and ordered dispositional documents to be filed no later than March 28, 2023. (Doc. 38)

On the deadline to file dispositional documents, Plaintiff's counsel instead filed a "stipulation" seeking a further extension of time to file dispositional documents. (Doc. 39).

Plaintiff's counsel represents that he is awaiting receipt of a release from Defendants' counsel and to "resolve and finalize any and all statutory liens as well as Defendant[s] to issue funds and/or any other procedures that may arise." The "stipulation" is not signed by Defendants.

Because the filing is not, in fact, a "stipulation" in which both parties seek the relief sought, and because the Court cannot surmise from the reasons set forth in the filing when the parties anticipate filing dispositional documents, the Court concludes Plaintiff has failed to demonstrate good cause for a further extension of time. Accordingly, Plaintiff's request for a further extension is <u>HEREBY DENIED</u> and the parties are in default of the Court's order on their earlier request to set March 28, 2023, as the deadline for filing dispositional document.

In light of the parties' default, and as it appears from Plaintiff's filing that dispositional documents are delayed pending actions to be taken by Defendants, the Court <u>HEREBY ORDERS</u> Defendants to file not later than 12:00 p.m., March 31, 2023, a report in which he provides (1) a status report on any impediments to expeditiously filing dispositional documents, and (2) a reasonable deadline by which to file dispositional documents.

The Court notes that Plaintiff's suggestion that a stipulated dismissal is being delayed pending Defendants' issuance of funds "and/or any other procedures that may arise" (Doc. 39) does not constitute good cause for an extension under Local Rule 160(b). Since it is clear from the parties' filings that they have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2). *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

IT IS SO ORDERED.

Dated:   **March 29, 2023**

_____
UNITED STATES MAGISTRATE JUDGE